## Charles F. Schwartz, Plff. in Err., *v.* August Kleber et al.

Where, for the purpose of making partition of lands of a decedent among his heirs, the portion thereof allotted to one of the heirs was with his consent and procurement deeded to his wife, to defraud his creditors, a terre-tenant under the subsequent assignee in bankruptcy of the husband has no standing to defend against a mortgage given by the wife thereon.

The mortgage was good for the wife's interest, whatever that might be; and so far as this case is concerned her title is perfect, not having been impeached by her husband's creditors.

The sale in bankruptcy of the property as the property of the husband cannot affect the wife's right nor devest the lien of the mortgage.

(Argued November 8, 1886.    Decided November 15, 1886.)

October Term, 1886, No. 207, W. D., before GORDON, PAX-

NOTE.—A conveyance of land made with intent to defraud is voidable at the suit of the defrauded creditors. Garrigues v. Harris, 17 Pa. 344; Skiles's Appeal, 110 Pa. 248, 20 Atl. 722; Barrett v. Nealon, 119 Pa. 171, 4 Am. St. Rep. 628, 12 Atl. 861. The right may be enforced by execution issued against the property, and the grantor's interest sold (Girard Nat. Bank's Appeal, 13 W. N. C. 101); or by bill in equity to set aside the conveyance (Houseman v. Grossman, 177 Pa. 453, 35 Atl. 736); or by a bill to prevent the transfer of the property by the grantee to a third party (Fowler's Appeal, 87 Pa. 449). If such action be not taken, and the property passes from the grantee to an innocent third party, the latter will be protected.    Mateer v. Hissim, 3 Penr. & W. 160; Hood v. Fahnestock, 8 Watts, 489, 34 Am. Dec. 489; Thompson v. Lee, 3 Watts & S. 479.

son, Trunkey, Sterrett, Green, and Clark, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment upon a verdict for plaintiffs in a sci. fa. sur mortgage. Affirmed.

This action was commenced December 18, 1884, by sci. fa. on a mortgage given in January, 1876, by Edward Foerester and Johanna, his wife, to Emil Foerester, Charles Foerester, R. C. Oehmler, and Lizzie, his wife, and Albertina Krugh, to secure the payment of the sum of $1,000 January 4, 1878. Judgment was entered by default January 13, 1885. Thereafter Charles F. Schwartz presented the following petition:

"The petition of Charles F. Schwartz respectfully represents that he is the owner of the property described in the mortgage of Edward Foerester and Johanna, his wife, to Emil Foerester et al., recorded in the recorder's office, Allegheny county, in mortgage book, Volume 212, p. 607, on which the above-entitled scire facias is issued, the same having been conveyed to him by Thomas M. McFarland, assignee of said Edward Foerester, by deed dated the 23d day of March, 1878, and recorded in the recorder's office aforesaid, in deed book, Volume 381, p. 278, which said deed your petitioner prays to make a part of this petition; that he has been in possession of said lot from the date of said deed to the present time, claiming title thereto under and by virtue of said conveyance; that such fact was well known to the plaintiffs in the above-entitled writ at the time said writ was issued, and that they intentionally omitted to make your petitioner a party to said writ: and that your petitioner only learned of said proceedings accidentally on the 23d day of January instant, ten days after judgment had been entered by default. Your petitioner further shows that the said property described in said mortgage, together with other properties, belonged to one Martin Foerester, who died seised thereof in fee, leaving surviving him a widow, Julia Foerester, and five children to wit: Albertina Krugh, a widow, Lizzie Oehmler, wife of R. C. Oehmler, Emil Foerester, Charles Foerester, and Edward Foerester, to whom the said property descended under the intestate laws; that, on the 24th day of August, 1875, the said children, by deed of that date, recorded in the recorder's office aforesaid, in deed book, Volume 340, p. 670, conveyed said property to Julia Foerester for the purpose of making partition, and that

the said Julia Foerester, by deed of the same date, and made at the same time, recorded in deed book, Volume 340, p. 683, conveyed the lots described in the aforesaid mortgage to the said Johanna Foerester, wife of the said Edward Foerester; that, at the time said conveyance was made, the said Edward Foerester was insolvent, and was indebted to your petitioner and other persons, in large sums of money, which said indebtedness has not been paid; and the said conveyance was made voluntarily and without consideration and for the purpose of hindering, delaying, and defrauding your petitioner and other creditors of the said Edward Foerester; that on the 29th day of January, 1877, at No. 2934 in bankruptcy, in the district court of the United States, for the western district of Pennsylvania, the said Edward Foerester was, on his own petition, adjudicated a bankrupt; that on the 14th day of March, 1878, Thomas M. McFarland, who had been duly appointed assignee of said Edward Foerester, presented his petition to the said district court, showing that said property was in his possession, that the title thereto was claimed by the said Johanna Foerester and that it was alleged that the same had been conveyed to the said Johanna Foerester to defraud the creditors of the said Edward, and that the same was encumbered by judgments, and that the plaintiffs in this case claimed to have a mortgage thereon, and prayed the court for an order to sell the same free and clear of all judgments and mortgage, and discharged of the claim of the said Johanna Foerester; and it appearing to the court that due notice of said application had been given to the said Johanna Foerester, and the judgment creditors of the said Edward Foerester, and to the plaintiffs on above-entitled writ of scire facias, the said court, in pursuance of an act of Congress, entitled "An Act to Establish a Uniform System of Bankruptcy," and the various supplements thereto, ordered that the said assignee should sell the said property clear and discharged of all liens, and discharged of the claim of said Johanna Foerester, and of said mortgage, and of the plaintiffs in this writ; that the said assignee in pursuance of said order sold the said property to your petitioner, which said sale was, on report being made, duly confirmed by the said district court. Your petitioner is advised by counsel, and believes, that by the said sale he acquired the title to said property, free from any liens and free from the claim of the plaintiffs in this case, as well as from the claim of the said Johanna Foerester;

and he prays to make said proceedings part of this petition, and refer to same.

"Your petitioner therefore prays the court to open said judgment, and to make your petitioner a party to the proceedings and to permit him to make a defense thereto, and that this petition may be treated as an affidavit of defense in the said case. And your petitioner will ever pray."

The court granted a rule to show cause why the judgment should not be opened and petitioner allowed to defend, which rule was subsequently made absolute. Schwartz filed a plea of payment with notice of special matter set forth in his petition which was filed as an affidavit. February 9, 1886, the record was amended by substituting the names of August Kleber, assignee in bankruptcy of Emil Foerester, and Otto R. Taude, assignee in bankruptcy of Charles Foerester, as plaintiffs in place of the said Emil and Charles Foerester, respectively, nine years after their appointment as assignees; whereupon, Charles F. Schwartz, by leave of court, filed an additional plea that the suit, not having been brought within two years after the cause of action accrued to them, could not be maintained.

The defendant, Schwartz, offered evidence at the trial, the effect of which was to substantiate the allegations in his petition, and presented the following points:

1. If the jury find from the evidence in the case that the conveyances from Edward Foerester and wife to Julia Foerester, his mother, and from said Julia Foerester to Johanna Foerester, wife of said Edward Foerester, were without consideration, and intended for the purpose of transferring the title to the property conveyed from the said Edward Foerester to his said wife; and should also find that the said Edward Foerester was largely indebted at the time of such conveyance, and was on his own petition adjudicated a bankrupt, nearly, if not all, of said indebtedness being still unpaid; and that the operation of said conveyances was to withdraw the property conveyed from the reach of his creditors, and hinder and delay them in the collection of their debts,—then said conveyances were void in law as against said creditors, and the title to the property vested in the assignee of said Edward Foerester subsequently appointed in the said bankruptcy proceedings.

2. In determining the validity of said conveyances, the jury should consider the amount and condition of the estate and the

amount of the indebtedness of said Edward Foerester, and the length of time between the date of the conveyances and the commencement of the bankruptcy proceedings, and whether or not the indebtedness existing at the time of the conveyances had been paid. And if they find that at the time of said conveyances said Edward Foerester was very largely indebted, that the rest of his real estate was heavily encumbered, that in a little over a year and while the greater part of his indebtedness was still unpaid, he was on his own petition adjudicated a bankrupt, and his estate, although in almost the same condition as when the conveyances were made, paid less than 5 per cent of his indebtedness—then they should find that the conveyances were void in law, and the title to the property vested in the assignee of said Edward Foerester.

3. If the jury find the facts to be as stated in the foregoing points, then the sale by the assignee in bankruptcy under and in pursuance of the order of the district court of the United States, at No. 2934 in bankruptcy, in evidence, devested the lien of the mortgage sued on, and plaintiffs cannot recover in this case.

4. If the foregoing points should be refused, the court is respectfully asked to charge the jury that no action having been brought on the mortgage in suit by August Kleber, assignee of Emil Foerester, or Otto R. Taude, assignee of Charles Foerester, within two years after the cause of action accrued to them respectively, there can be no recovery in their favor in this case.

The court, STONE, J., charged the jury as follows:

"We think the terretenant has no right to set up the defense to plaintiffs' mortgage, shown by the evidence offered in this case.

"Without undertaking to say his title may not be good as against the mortgagees if they should purchase the property under a sale on this mortgage, we think that the question is not properly before us; and therefore as it appears that the other defendants have no defense, we instruct you, plaintiff is entitled to your verdict.

"Bill sealed for terretenant."

Verdict was returned for the plaintiffs, upon which judgment was rendered; and defendant, Schwartz, took this writ, assigning as error the charge to the jury and the action of the court in refusing to affirm defendant's points.

· *Geo. W. Guthrie,* for plaintiff in error.—The rule laid down by this court in the cases of Chahoon v. Hollenback, 16 Serg. & R. 425, 16 Am. Dec. 587; Clippinger v. Miller, 1 Penr. & W. 71, and Catlin v. Robinson, 2 Watts, 373, that "none can be admitted to defend who would not be prejudiced by the judgment. . . . Consequently, he who may come in as a terretenant must have an estate from the encumbrancer, which might be bound by the encumbrance, whether judgment, mortgage, or recognizance," was improperly applied in this case.

The defense set up by the terretenant was, not that the mortgagors did not have title to the land, nor that the mortgage was not a valid lien when executed, but, that the terretenant was now the owner of the land, and that the right of the mortgagees to recover on the mortgage was barred by events subsequent to its date.

We do not clai mthat the sale by the assignee in bankruptcy would bar Mrs. Foerester from setting up a claim to the land. Our position is that whatever right the creditors of Edward Foerester had to attack the conveyances, on the ground of fraud committed upon them, was vested (under the bankrupt act) in Edward Foerester's assignee, and that Charles F. Schwartz, as purchaser from him, succeeded to his right. Glenny v. Langdon, 98 U. S. 20, 25 L. ed. 43; Allen v. Massey, 17 Wall. 351, 21 L. ed. 542; Trimble v. Woodhead, 102 U. S. 647, 26 L. ed. 290, and Moyer v. Dewey, 103 U. S. 301, 26 L. ed. 394.

The record of the proceedings in *Re* Edward Foerester, bankrupt, in the United States district court, shows the petition of the assignee for leave to sell devested of the lien of this mortgage, notice to the mortgagees, order for sale, in the return, and confirmation. This is conclusive in this case. Bump, Bankr. 17th ed. p. 532; *Re* Rhodes, 3 Pittsb. 340; Ray v. Norseworthy, 23 Wall. 128, 23 L. ed. 160; *Re* Kirtland, 10 Blatchf. 515, Fed. Cas. No. 7,851.

"No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." U. S. Rev. Stat. § 5057.

In Jenkins v. International Bank, 106 U. S. 571, 27 L. ed. 304, 2 Sup. Ct. Rep. 1, the supreme court decided that this limitation

applied to claims for debts, and that an assignee in bankruptcy could not maintain an action for money claimed to be due the bankrupt at the time of the adjudication, unless the action was brought within two years after his appointment. See Doe v. Hyde, 114 U. S. 247, 29 L. ed. 142, 5 Sup. Ct. Rep. 841.

*S. H. Geyer, Winfield S. Wilson,* and *George D. Riddle,* for defendants in error.—He who may come in as a terretenant must have an estate from the encumbrancer which might be bound by the encumbrance, whether judgment, mortgage, or recognizance. Catlin v. Robinson, 2 Watts, 379.

Occupiers are not terretenants, but those who hold the fee. Chahoon v. Hollenback, 16 Serg. & R. 425, 16 Am. Dec. 587.

None can be admitted to defend who would not be prejudiced by the judgment. Catlin v. Robinson, 2 Watts, 379; Clippinger v. Miller, 1 Penr. & W. 71.

The United States circuit court does not possess the power under the bankrupt act to order, in a summary way, the sale of an estate, real or personal, although the same is claimed by the assignee (even though the title to the same is in dispute), if it also appear that the estate in question is in the actual possession of a third person holding the same as owner, and claiming absolute title to and dominion over the same as his own property, whether derived from the debtor before he was adjudged bankrupt or from some former owner. Knight v. Cheney, 5 Nat. Bankr. Reg. 317, Fed. Cas. No. 7,883; Bump, Bankr. 10th ed. 570; *Ex parte* Bryan, 2 Hughes, 273, 14 Nat. Bankr. Reg. 79, 80, Fed. Cas. No. 2,061.

Per Curiam:

The terretenant had no standing to defend. The mortgage was good for the interest of Johanna Foerester, whatever that might be; and so far as the present case is concerned her title is perfect, not having yet been impeached by her husband's creditors. The sale in bankruptcy of this property, as the property of Edward Foerester, could not affect her right in the least, and consequently could not devest the lien of the mortgage.

The judgment is affirmed.